UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACY EDWIN OYLER,<br><br>        Plaintiff,<br><br>   v.<br><br>NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>        Defendant. | CASE NO. 3:17-CV-05784-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

      Plaintiff Tracy Edwin Oyler filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to adequately address medical opinion evidence from Dr. Patricia Sylwester, M.D. Had the ALJ properly considered Dr. Sylwester's opinion, the residual functional capacity

("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 4, 2014, Plaintiff filed an application for DIB, alleging disability as of September 9, 2013. *See* Dkt. 8, Administrative Record ("AR") 25. The application was denied upon initial administrative review and on reconsideration. *See* AR 25. ALJ David Johnson held a hearing on May 10, 2016. AR 42-90. In a decision dated June 10, 2016, the ALJ determined Plaintiff to be not disabled. AR 22-41. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly consider medical opinion evidence from Dr. Sylwester; and (2) failing to respond to Plaintiff's post-hearing objections. *See* Dkt. 10. As a result of these errors, Plaintiff requests the Court remand his claim for further administrative proceedings. *Id.* at 17.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

| | |
|---|---|
| 1 | <u>DISCUSSION</u> |
| 2 | **I.      Whether the ALJ properly considered the medical opinion evidence.** |

Plaintiff asserts the ALJ erred by failing to give adequate reasons to reject medical opinion evidence from examining physician Dr. Sylwester. Dkt. 10, pp. 10-17.

On March 27, 2016, Dr. Sylwester conducted a physical examination of Plaintiff. *See* AR 596-600. Dr. Sylwester's examination included a record review, a discussion with Plaintiff regarding his complaints and medical history, and a physical examination. *See* AR 595-600. Based on her physical examination, Dr. Sylwester noted Plaintiff could "change position with difficulty." AR 598. Dr. Sylwester further determined Plaintiff had an unsteady, wide-based gait in the absence of his brace and cane. AR 598. Similarly, Dr. Sylwester found Plaintiff "very unbalanced," with an unsteady walk, unable to perform a toe walk, unsteady on a heel walk, and unable to stand or hop on either leg independently. AR 598. Dr. Sylwester diagnosed Plaintiff with right knee arthritis, and noted he was "tender to palpation over the medial joint line of his right knee." AR 599.

Regarding Plaintiff's heart conditions, Dr. Sylwester noted Plaintiff had existing diagnoses of atrial fibrillation, congestive heart failure, and dilated cardiomyopathy. AR 596-97, 599. Dr. Sylwester's examination revealed Plaintiff's heart had irregular rhythm with normal ventricular response, and Plaintiff displayed "shortness of breath with minimal exertion." AR 599. In all, Dr. Sylwester wrote she did not expect any of Plaintiff's conditions – his right knee arthritis, heart conditions, or unsteady gait – to improve over time. AR 599.

After her examination, Dr. Sylwester provided a functional assessment of Plaintiff's abilities. *See* AR 599-600. She opined Plaintiff had a maximum ability to stand or walk with normal breaks for less than two hours due to his arthritis, heart condition, and unsteady gait. AR

599. Furthermore, she determined that although Plaintiff was not limited in his ability to sit with normal breaks, he "may need to change positions as needed." AR 600. Dr. Sylwester opined it was "medically necessary" for Plaintiff to use his right knee brace and cane "for all distances and all terrain." AR 600. She also wrote Plaintiff had a maximum lifting and carrying capacity of less than ten pounds occasionally and frequently in light of his heart condition and unsteady gait. AR 600. In addition, she opined Plaintiff "should never climb, balance, stoop, kneel, crouch or crawl due to his heart condition, arthritis, and unsteady gait." AR 600. Dr. Sylwester determined Plaintiff was not limited in his ability to reach, handle, feel, or finger. AR 600. Lastly, she opined Plaintiff "should not work at heights or around heavy machinery due to his heart condition and unsteady gait," and "he should not work around extremes of temperature" due to his heart condition. AR 600.

The ALJ summarized Dr. Sylwester's examination and findings and gave her opinion little weight, explaining:

> (1) [T]hese restrictions are not consistent with the lack of treatment the claimant sought regarding his musculoskeletal issues. (2) It is notable that Dr. Sylwester based her opinion on the claimant's reports of dizziness and falling; however, the claimant did not report these issues to his treating doctors at Madigan other than when experiencing the acute effects of alcohol withdrawal. (3) The claimant had normal neurological findings and did not seek treatment for these symptoms which indicates they were not present to the degree he has asserted.

AR 35 (internal citations omitted; numbering added).

The ALJ gave three reasons for rejecting Dr. Sylwester's opinion, but none of these reasons was specific and legitimate, or supported by substantial evidence in the record. The ALJ's first and third reasons for rejecting Dr. Sylwester's opinion referenced Plaintiff's lack of treatment for musculoskeletal and neurological issues. *See* AR 35. An ALJ may reject a physician's opinion that is "unsupported by the record as a whole." *Batson v. Comm'r of Soc.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

*Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). Nevertheless, an ALJ cannot use a conclusory statement to reject a doctor's findings; rather, the ALJ must state his interpretations and explain why they, rather than the doctors' interpretations, are correct. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Here, the ALJ suggested Dr. Sylwester's findings were inconsistent with Plaintiff's failure to seek treatment for his musculoskeletal and neurological conditions. AR 35. However, the ALJ failed to explain why or how Plaintiff's lack of treatment contradicted Dr. Sylwester's opinion. *See* AR 35 This error is particularly relevant given Dr. Sylwester conducted her own physical examination of Plaintiff. *See* AR 598-99. Thus, because the ALJ failed to explain why or how the lack of treatment undermines Dr. Sylwester's opinion, this was not a not specific, legitimate reason, supported by substantial evidence, to reject Dr. Sylwester's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review"); *see also Garcia v. Colvin*, 2015 WL 1221265, at *4 (W.D. Wash. Mar. 17, 2015) (ALJ erred by failing to state how Plaintiff's failure to see his primary care physician discounted the physician's findings).

Second, the ALJ discounted Dr. Sylwester's opinion because he found Dr. Sylwester "based her opinion on [Plaintiff's] reports of dizziness and falling," and Plaintiff did not report these issues to his treating doctors except when experiencing alcohol withdrawal. AR 35. Generally, an ALJ may reject a physician's opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations and internal quotation marks omitted). In this case, however, Dr. Sylwester's opinion was not largely based on Plaintiff's self-reports; instead, Dr. Sylwester conducted her own examination – including an examination of Plaintiff's station

and gait – and expressly based her functional findings on the relevant diagnoses. *See* AR 598-600.

In addition, the ALJ's statement that Plaintiff did not report his dizziness and falling to his treating physicians except when experiencing alcohol withdrawal is not supported by the record. As Plaintiff accurately points out, he reported falls related to hypertension and episodes of syncope[1] to his treating physicians. Dkt. 10, p. 15 (citing AR 335, 360, 377). Hence, the ALJ's second reason for discounting Dr. Sylwester's opinion was not specific and legitimate because it was inaccurate and not supported by substantial evidence in the record.[2]

Third, the ALJ gave Dr. Sylwester's opinion little weight because he found Plaintiff "had normal neurological findings." AR 35. Once again, the ALJ provided a conclusory statement to reject Dr. Sylwester's opinion, as he failed to explain what about Dr. Sylwester's opinion contradicted Plaintiff's neurological findings. *See* AR 35. The ALJ also did not explain which "normal neurological findings" he was referring to, nor did he provide record citations to support this statement. *See* AR 35. Accordingly, the ALJ's conclusory reasoning was not a specific, legitimate reason, supported by substantial evidence in the record, to discount Dr. Sylwester's opinion. *See Embrey*, 849 F.2d at 422 (an ALJ cannot merely state facts she claims "point toward an adverse conclusion and make[] no effort to relate any of these objective factors to any of the specific medical opinions and findings she rejects"); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the ALJ must "build an accurate and logical bridge from the evidence to her

---

[1] An episode of syncope is "a temporary loss of consciousness, generally due to an insufficient flow of blood to the brain." *Love v. Rancocsas Hosp.*, 374 F.Supp.2d 425, 426 (D. N.J. June 27, 2005).

[2] Plaintiff argues the ALJ erred by not performing the "drug addiction and alcoholism" ("DAA") analysis, which he claims applies "when the claimant has concomitant impairments and substance abuse." Dkt. 10, pp. 15-16 (citing Social Security Ruling ("SSR") 13-2p, 2013 WL 621536 (Feb. 20, 2013)). However, this analysis only applies if the ALJ finds the claimant disabled. *See* SSR 13-2, 2013 WL 621536, at *5-6; *see also* 20 C.F.R. § 416.935(a). Therefore, because the ALJ did not find Plaintiff disabled in this case, Plaintiff has not shown the ALJ erred by failing to apply the DAA analysis.

conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings").

For the above stated reasons, the Court finds the ALJ has not provided specific and legitimate reasons, supported by substantial evidence, to reject Dr. Sylwester's opinion. As such, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered all of Dr. Sylwester's opined limitations, the RFC and hypothetical questions posed to the vocational expert ("VE") may have included additional limitations. For example, the RFC and hypothetical questions may have included that Plaintiff had a maximum ability to stand or walk for less than two hours. The RFC and hypothetical questions may have also provided Plaintiff could never balance, stoop, kneel, crouch, or crawl, and that Plaintiff had a maximum lifting and carrying capacity of less than ten pounds. The RFC and hypothetical questions posed to the VE did not contain these limitations. *See* AR 30, 69, 71-74. Because the ultimate disability determination may have changed if all of Dr. Sylwester's findings were included in the RFC and hypothetical questions, the ALJ's error was not harmless

and requires reversal. *See Molina*, 674 F.3d at 1117 (an error is not harmless if it "alters the outcome of the case").

On remand, if the ALJ intends to discount Dr. Sylwester's opinion, he is directed to provide specific, non-conclusory reasons for doing so.

Furthermore, Plaintiff asserts the ALJ erred by assigning "significant weight" to the opinions of the non-examining physicians. Dkt. 10, pp. 16-17; *See* AR 33-34. Given that proper consideration of Dr. Sylwester's opinion may impact the ALJ's treatment of the non-examining physicians, he is directed to reassess the opinions of the non-examining physicians as necessary on remand, as well.

**II.       Whether the ALJ adequately addressed Plaintiff's post-hearing objections.**

Plaintiff maintains the ALJ committed harmful error by failing to address Plaintiff's post-hearing objections to the VE testimony. Dkt. 10, pp. 1-9. Specifically, Plaintiff argues that pursuant to multiple authorities – including statutes, SSRS, case law, and the Hearings, Appeals, and Litigation Law Manual ("HALLEX") – the ALJ was obligated to rule on Plaintiff's post-hearing objections before relying on the VE's testimony and the Dictionary of Occupational Titles ("DOT") at Step Five. *Id.* Defendant asserts the ALJ was not obligated to respond to Plaintiff's post-hearing objections, and even if he was, he fulfilled this duty. Dkt. 11, pp. 2-8.

The Court has determined the ALJ committed harmful error in his treatment of Dr. Sylwester's medical opinion. *See* Section I, *supra*. Because the ALJ's subsequent findings on remand may impact Plaintiff's objections to the VE testimony, the Court declines to consider whether the ALJ erred on this issue.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 16th day of April, 2018.

_____
David W. Christel
United States Magistrate Judge